COPY

STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

| | | |
|---|---|---|
| WOLFGANG BAUER, Plaintiff<br><br>v.<br><br>TOWN OF WEST WARWICK; MALCOLM MOORE, in his capacity as Finance Director for the Town of West Warwick; EDWARD A. GIROUX, individually and in his capacity as President of the West Warwick Town Council; PETER F. CALCI, JR., individually and in his capacity as a member of the West Warwick Town Council; DAVID GOSSELIN, JR., individually and in his capacity as a member of the West Warwick Town Council; FILOMENA GUSTAFSON, individually and in her capacity as a member of the West Warwick Town Council; and ANGELO A. PADULA, JR., individually and as a member of the West Warwick Town Council | : | C.A. NO. KC 08-0524<br><br>COMPLAINT AND JURY TRIAL DEMAND |

KENT SUPERIOR COURT
FILED
08 APR 18 AM 11: 28
DAVID E. PERRY, CLERK

## COMPLAINT

### I. Parties, Jurisdiction, and Venue

1. Plaintiff Wolfgang Bauer ("Bauer") resides at 511 Union Street, Franklin, Massachusetts.

2. Defendant Town of West Warwick (hereinafter "Town") is a Rhode Island municipality and is sued through its Finance Director, Malcolm Moore.

3. Edward A. Giroux is the President of the West Warwick Town Council and is sued individually and in his official capacity.

TRUE COPY ATTEST
[signature]
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

4. Peter F. Calci, Jr. is a member of the West Warwick Town Council and is sued individually and in his official capacity.

5. David Gosselin, Jr. is a member of the West Warwick Town Council and is sued individually and in his official capacity.

6. Filomena Gustafson is a member of the West Warwick Town Council and is sued individually and in her official capacity.

7. Angelo A. Padula, Jr. is a member of the West Warwick Town Council and is sued individually and in her official capacity.

8. The amount in controversy is sufficient to grant this Court jurisdiction pursuant to R.I. Gen. Laws § 8-2-14. This Court also has jurisdiction to award the relief sought pursuant to R.I. Gen. Laws § 8-2-13.

9. Venue is proper in Kent County pursuant to R.I. Gen. Laws §§ 9-4-3 and 9-4-4

## II. Statement of Facts

10. Bauer is 64 years old and is a resident of Franklin, Massachusetts.

11. Bauer began employment with the Town on or about August 1, 1998, as Town Manager.

12. During the period of his employment, Bauer had an excellent work record and was never the subject of disciplinary action nor was he ever counseled by the Town or its agents.

13. In the Spring of 2007, Bauer told various Town officials, including the Town Solicitor and members of the Town Council, that he intended to retire as soon as he was eligible to do so, which would be in early 2008.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

14. In response, the Town Council, through its authorized representative, told Mr. Bauer that Bauer "would never see a dime" of his pension and retirement benefits because Bauer would be fired before he could collect them in order to prevent his collecting them.

15. On or about October 1, 2007, after more than nine years of service as Town Manager for the Town, Bauer announced publicly to the Town Council (the "Council") that he intended to retire effective on or about February 1, 2008.

16. Pursuant to the terms of his employment contract ( the "Contract") and the written Town of West Warwick Pension Plan (the "Pension Plan") Bauer would be eligible for full retirement and pension benefits after ten years of service with the Town, on August 1, 2008.

17. Pursuant to his Contract and the Town's Pension Plan, Bauer was entitled to use all accrued sick and vacation time in order to retire early. Bauer had accrued enough sick and vacation time to stop work on February 1, 2008, which would still entitle him to receive full pay and benefits until August 1, 2008, and full retirement and pension benefits, commencing on August 1, 2008.

18. Bauer's Contract further provided that his employment could only be terminated upon four months written notice. Thus, Bauer's Contract of employment was for a fixed term of four months upon notice of termination. The Contract is attached as Exhibit A.

19. On or about November 10, 2007, Bauer informed the Council that he would elect his option for early retirement and retire on or about February 1, 2008. The Council accepted this as Bauer's resignation, and began discussing its search process for locating a replacement Town Manager in anticipation of Bauer's early retirement date.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

***Pawtuxet River Improvement Project***

20. In 2006, the Town advertised for bids on construction of the Pawtuxet River Improvement Project (the "Project") -- a river walk that runs along the Pawtuxet River from the Town's new youth drop-in center to the recently rehabilitated Royal Mills dam overlook.

21. Phase I of the Project was to be financed with $3.2 million from a statewide bond issue and additional grants from state and federal sources.

22. In anticipation of this project, in approximately 2004, a building committee, called the Riverwalk Committee, was created and assigned by the Town Council to plan, manage and oversee the project. The Riverwalk Committee was chaired by David Perry, Chair of the West Warwick Town Democrats Committee. The Riverwalk Committee selected an architect in about 2004 and passed the architect's contract on to the Council for execution.

23. Bauer was not appointed to the Riverwalk Committee (hereafter "Committee"). In assigning the responsibility for management of the project to the Committee, the Town Council removed responsibility for the project from Mr. Bauer. Bauer's involvement with the Project was limited to conveying information among the Committee, Council and the Town's Finance Department. Bauer had worked in the same capacity with prior building committees appointed by the Council on other town projects during his tenure as Town Manager. The Council knew that Bauer's role with prior building committees it had created was limited to conveying information from the building committee to the Council and back again, unless specifically requested to facilitate meetings or perform other functions incidental to the projects. The Council at all times knew that Bauer's role with respect to the Riverwalk Project was limited to conveying information provided to him to and from the Committee and Council as a facilitator

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

and the passing on of invoices from the Committee to the Finance Department, and that the Council had not appointed Bauer to be a member of the Committee.

24. The Committee originally obtained a construction bid that fell within the amount provided by State and federal funding. However, late in 2006, the Committee readvertised the project. The Committee informed Bauer that it had the necessary funds, and asked him to seek Council approval for all contracts for the construction of the project that it had received and selected. Bauer relayed the information provided by the Committee along with those requests for approval to the Council. The Council then approved the contracts.

25. Among other documents and information Bauer conveyed to the Council from the Committee was full information on grants amounts and contract amounts.

26. It was not Bauer's responsibility to reconcile expenditures on the Project with the balance of funds available from the State or other sources. The Committee and its professional advisors negotiated contracts and instructed Bauer that there were sufficient funds available through grants to pay the contract amounts. The Committee negotiated all of the contracts with the various vendors. Bauer was not involved in that process at all. Bauer did convey the contracts recommended by the Committee to the Council. The Council then executed the contracts. Once the contracts were executed, Bauer did receive invoices authorized for payment by the Committee and forwarded them to the Town's Finance Department for payment, while also seeing that requests for reimbursement were sent to the State. This was the arrangement that the Council had established for management of this building project, just as it had for two previous Town building projects.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

27. In mid-November, 2007, Bauer prepared an invoice for submission to the State for reimbursement. In doing so, he concluded that State funds were inadequate to cover the contractual amounts.

28. Bauer investigated the situation. On investigation, he uncovered the fact that the Committee had negotiated, and the Council had approved, contracts that were some $802,622 over the available grant funds. Bauer met with Perry to discuss the overage and said he intended to notify the Council immediately. Perry asked Bauer to hold off on communicating with the Council because there were outstanding grant requests that could come through to cover the deficit.

***Town Council Meeting of December 1, 2007***

29. On or about November 23, 2007 Bauer met with the Chair and the Vice Chair of the Council and informed them of the results of his investigation. The Council hastily called a special meeting for Saturday, December 1, 2007. The Town Council's purpose was to discuss Plaintiff's job performance and employment at that meeting, but no public notice of this was given, and Bauer was given no notice of this.

30. In closed session on December 1, 2007, Perry and Malcolm Moore, the Town's Finance Director met with the Council. On information and belief, the Council discussed Bauer's job performance in this closed session. The Council returned to open session where it interrogated Bauer and Committee members concerning the shortfall.

31. The Council moved back into closed session where they discussed Bauer's job performance. During that session, the Council decided to terminate Bauer's employment. The Council returned after one hour to announce publicly that Bauer's employment was terminated for his "gross mismanagement" of funds related to the Project.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

32. Bauer was not given any prior notice that his job performance would be a subject of discussion of the Council at the December 1, 2007 meeting. He was not given notice of any charges against him. He was offered no opportunity to be heard on any charges against him. He was not provided an opportunity to have the discussion of his job performance in open session. He was not given the opportunity to be present when his job performance was discussed. There was no emergency requiring that the meeting of December 1, 2007 be held without meeting the usual public notice requirements of the Rhode Island Open Meetings Act.

33. On December 9, 2007, Bauer received a letter from the Town stating that his employment had been terminated, effective December 1, 2007 as a result of his "gross malfeasance" in connection with over-expenditures on the Project. A copy of this letter, dated December 5, 2007, is attached hereto as Exhibit B.

34. Bauer was not provided any opportunity to respond to the charges made against him regarding the alleged mismanagement of project funds.

35. The Town stopped paying Bauer's salary, pension contributions and all other benefits, and stopped his accrual of benefits, all on December 1, 2007. The Town has not paid Bauer's accrued vacation and sick time.

36. Bauer's termination was the subject of an article published by the Providence Journal. A copy of the article is attached hereto as Exhibit C.

37. The article contains a number of falsehoods and misrepresentations concerning Bauer's involvement in administering funds for the Project.

38. Upon information and belief, the information contained in the article was obtained by the Providence Journal through statements and comments made by the Defendants.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

## Count I

**Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.**

39. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–38.

40. Upon information and belief, the pension and retirement benefits plans Defendant made available to Plaintiff were regulated and governed by ERISA, 29 U.S.C. § 1001, *et seq.*

41. Plaintiff was subject to adverse employment actions as described herein, including termination on December 1, 2007.

42. Defendants' decision to terminate Plaintiff's employment was substantially motivated by a desire to withhold retirement and pension benefits that Plaintiff otherwise was entitled to pursuant to the Town's written Pension Plan.

43. Defendants' conduct was intended to, and did, interfere with Plaintiff's attainment of a right to full pension and retirement benefits pursuant to written plans.

44. Defendants' conduct, outlined above, violated ERISA, including 29 U.S.C. § 1140.

45. As a direct result of the Defendants' violations of ERISA, Plaintiff has suffered substantial damages.

## Count II

**Common Law Claim For Wrongful-Discharge-To-Deny Retirement And Pension-Benefits**

46. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–45.

47. Plaintiff was subject to adverse employment actions as described herein, including termination on December 1, 2007.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

48. Defendants' decision to terminate Plaintiff's employment was substantially motivated by a desire to withhold retirement and pension benefits from Plaintiff that he would have received pursuant to written plans but for the Town's unlawful conduct.

49. Defendants' conduct was intended to, and did, interfere with Plaintiff's attainment of a right to full pension and retirement benefits pursuant to written plans.

50. Defendants' conduct, outlined above, was unlawful and contrary to the policy and the common law of the State of Rhode Island and violated Plaintiff's common law rights.

51. As a direct result of the Defendants' violations, Plaintiff has suffered substantial damages.

**Count III**

**Open Meetings Act Violation**

52. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–51.

53. Defendants' actions in failing to provide required advance notice of its meeting, and discussing Plaintiff's job performance and voting to terminate Plaintiff's employment in closed session on December 1, 2007, without affording Defendant prior notice or opportunity to have an open meeting, was in violation of the Rhode Island Open Meetings Act, R.I.G.L. § 42-46-1, *et seq.*

54. The Defendants' actions did not comply with the Open Meetings Act in that, Plaintiff was not provided prior written notice that his job performance would be the subject of discussion of the Council in violation of § 42-46-5.

55. Upon information and belief, the Defendants also violated the Open Meetings Act in that before adjourning to closed session in the Special Meeting of December 1, 2007, the Town Council did not so adjourn upon a majority vote in violation of § 42-46-4.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

56. The Defendants committed knowing and willful violations of the Open Meetings Act.

**Count IV**

**Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.**

57. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–56.

58. Plaintiff was subject to adverse employment actions as described herein, including termination on December 1, 2007.

59. At the time of his termination, Plaintiff was sixty-four years old and, thus was a member of a protected class pursuant to 29 U.S.C. § 634. Plaintiff was qualified for his job, and notwithstanding his qualifications and excellent job performance was terminated from his employment. The Plaintiff's job remains open and available to persons of similar qualifications.

60. Plaintiff was nearing the age and date on which he would be entitled to retirement benefits, benefits the Town asserted he would never be permitted to collect.

61. The Town's asserted reasons for terminating Bauer's employment are pretexts. The Town Council knew that Bauer would be taking early retirement in two months.

62. The actions of Defendant constituted a violation of the ADEA.

**Count V**

**42 U.S.C. § 1983 – Denial of Due Process Under The Fourteenth Amendment to the United States Constitution.**

63. Bauer realleges and incorporates herein his allegations in paragraphs 1–62.

64. Plaintiff by virtue of his employment contract held a property right in four months employment following notice of termination protected by the 14th Amendment to the United States Constitution.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

65. Plaintiff, by virtue of his offer and the Town Council's acceptance, held a property right in early retirement and pension and retirement benefits under the Town's Pension Plan.

66. Plaintiff was terminated from employment without any notice of charges and without a hearing of any kind.

67. Plaintiff's "property right" entitled him to a pre-termination hearing.

68. Defendants denied Plaintiff his constitutionally protected right to due process by lodging demonstrably false accusations against him, setting up and conducting an incompetent investigation with a predetermined outcome and failing to provide Plaintiff with any notice of charges or opportunity to respond.

69. Defendants' actions were taken under color of law with the intent to deprive Plaintiff of his vested property right of employment and retirement and pension benefits, or the vested property right to retain employment through the date on which Plaintiff had announced he would retire.

70. As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of his constitutional rights as described above.

71. As a result of the Defendants' unlawful and unconstitutional conduct, Plaintiff has suffered damages, including, but not limited to, lost wages, damage to reputation, emotional distress, loss of enjoyment of profession, and loss of enjoyment of life, attorneys' fees and costs, and is entitled to punitive damages.

**Count VI**

**42 U.S.C. § 1983 – Denial of Due Process Under The Fifth Amendment to the United States Constitution**

72. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–71.

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

73. Defendants' actions violated the Fifth Amendment to the Constitution of the United States.

74. As a result of the Defendants' unlawful and unconstitutional conduct, Plaintiff has suffered damages, including, but not limited to, lost wages, damage to reputation, emotional distress, loss of enjoyment of profession, loss of enjoyment of life, attorneys' fees and costs, and is entitled to punitive damages.

**Count VII**

**Denial of Due Process Under Article I, Section 2 of the Rhode Island Constitution.**

75. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–74.

76. Plaintiff by virtue of his contracts of employment held a property right protected by Article I, Section 2 of the Rhode Island Constitution, which was violated by Defendant.

77. As a result of the Defendants' unlawful and unconstitutional conduct, Plaintiff has suffered damages, including, but not limited to, lost wages, damage to reputation, emotional distress, loss of enjoyment of profession, loss of enjoyment of life, attorneys' fees and costs, and is entitled to punitive damages.

**Count VIII**

**Breach of Contract**

78. Bauer realleges and incorporates herein his allegations in paragraphs 1–77.

79. At all relevant times hereto, Bauer performed extraordinary service in his capacity as Town Manager.

80. Bauer provided ample notice to the Town concerning his intention to take early retirement and otherwise complied with the terms of the Contract.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

81. The Town breached the Contract by terminating Bauer's employment without providing Bauer four months written notice prior to termination.

82. The Town breached the Contract by failing to provide Bauer with employment, pay and benefits during the four months written notice period, including but not limited to the right to take early retirement pursuant to the terms of the Pension Plan.

83. The Town breached the Contract by terminating it in bad faith in order to deny Bauer retirement and pension benefits to which he was entitled.

84. The Town breached the Contract by failing to pay Bauer as required.

85. The Town breached its contract with Bauer to allow him to take early retirement on or after February 1, 2008.

86. Bauer has suffered damages as a result of the Town's contractual breaches, including loss of pay, benefits, benefits accruals, early retirement and pension and retirement benefits, and as a result of the Town's bad faith has suffered the same and in addition humiliation, damage to business prospects, pain and suffering, costs and attorneys' fees.

**Count IX**

**Fair Employment Practices Act ("FEPA"), R.I.G.L. § 28-5-7 et. seq.**

87. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–86.

88. Defendants' actions in terminating Plaintiff's employment, as aforesaid, constituted wrongful discrimination against plaintiff on the basis of his age.

89. Plaintiff is damaged as a proximate result of this intentional conduct.

**Count X**

**Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. § 42-112-1 et seq.**

90. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–89.

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

91. By the aforesaid actions, Defendants intentionally violated the RICRA by discriminating against Plaintiff because of his age, and failing to provide equal enforcement of contracts.

92. Defendants intentionally violated RICRA by terminating Plaintiff's employment in retaliation for exercising his rights to seek retirement and pension benefits under the Contract, the Town Pension Plan, and as agreed between the Town and the Plaintiff.

93. Plaintiff is damaged as a proximate result of this intentional conduct.

**Count XI**

**Defamation and Defamation Per Se**

94. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–93.

95. The Providence Journal published an article which contain falsehoods and misrepresentations concerning Plaintiff, damaging to him in his occupation and profession.

96. Upon information and belief, the false information contained in the article was provided by the Defendants, and the Defendants published additional, similar comments to others.

97. The statements and representations made by the Defendants were false and were recklessly and/or maliciously made. Defendants had no right, privilege or justification to make these statements.

98. As a direct and proximate result of Defendants' false statements Plaintiff has suffered damage to his reputation in the community, including emotional distress and anxiety.

**Count XII**

**Payment of Wages**

99. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–98.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

100. Defendants have withheld wages owed to Plaintiff in violation of R.I. Gen. Laws § 28-14-1 *et seq.*

**Count XIII**

**Breach of Fiduciary Duty**

101. Plaintiff realleges and incorporates herein his allegations in paragraphs 1–100.

102. The Pension Plan requires funding through employee contributions, with the Town required to fully fund the requirements of the Plan that are not covered by the employees' contributions.

103. The Pension Fund is underfunded due to Defendants' failures to pay into the Fund, or to require payment into the Fund, of the amounts needed to meet its obligations.

104. The Defendant is the administrator and fiduciary under the Pension Plan. As such, Defendants owed Plaintiff a fiduciary duty.

105. The Defendants breached their fiduciary duty to the Plaintiff in interfering with his right to collect retirement and pension benefits pursuant to the terms of the Plan and pursuant to policies and benefits plans of the Town.

106. The Defendants breached their fiduciary duty to the Plaintiff in firing him in order to deprive him of his retirement and pension benefits.

**WHEREFORE,** Plaintiff requests that the Court grant judgment in his favor and order relief against the Defendants as follows:

a. Back pay and all employment benefits and benefits accruals from December 1, 2007 until and including April 1, 2008;

b. Effective April 2, 2008 until August 1, 2008, full early retirement benefits as set forth in the Pension Plan;

c. Effective August 1, 2008 and continuing thereafter, all payments, rights and

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

benefits due to Bauer as if he had been permitted to take his retirement on August 1, 2008, including, but not limited to, pay for accrued sick, vacation and personal time, pay for out of pocket expenses previously submitted for payment, pension payments, post retirement insurance coverages;

d. Attorneys' fees, interest and the reimbursement of costs;

e. Written, public retraction of the termination letter received by Bauer on December 9, 2007;

f. Compensation for Bauer's public humiliation and embarrassment in the amount of $100,000;

g. Compensation for deliberately harming Bauer's ability to obtain future employment, temporary, permanent or contract in the amount of $100,000; and

h. Punitive or exemplary damages.

i. A declaration that the actions of the Town Council in terminating Bauer's employment are null and void.

j. A civil fine against the Town Council and each of its members of $5,000.

k. An injunction ordering the Town to continue Bauer's employment with all emoluments and benefits, until such time as it provides Bauer with the notice required by the Open Meetings Act that it intends to discuss his job performance, and subsequently lawfully terminate his employment upon four months' written notice, or until such earlier time as Bauer may retire or resign from employment.

l. Such other and further relief as the Court may deem proper.

and subsequently lawfully terminates his employment upon four months written notice, or until such earlier time as Bauer may retire or resign from employment.

Daniel K. Kinder (#2151)
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 521-3555
**Counsel for Plaintiff**

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in this case.

Daniel K. Kinder /SKL
Daniel K. Kinder (#2151)
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 521-3555

**Counsel for Plaintiffs**

O:\DKK\Bauer\Complaint.doc

KENT SUPERIOR COURT
FILED
08 APR 18 AM 11: 28
DAVID E. PERRY, CLERK

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT