KENT SUPERIOR COURT
FILED
08 APR 18 AM 11:28
DAVID E. PERRY, CLERK

# EXHIBIT A

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

ORIGINAL

# EMPLOYMENT AGREEMENT

THIS AGREEMENT, made and entered into by and between the TOWN OF WEST WARWICK, State of Rhode Island, a municipal corporation (hereinafter referred to as "Employer") and WOLFGANG BAUER, (hereinafter referred to as "Employee").

**WITNESSETH:**

WHEREAS, the Employer desires to employ the services of Wolfgang Bauer, as West Warwick Town Manager, as provided by the Town Charter; and

WHEREAS, it is the desire of the Town Council (hereinafter referred to a "Council") to provide certain benefits, establish certain conditions of employment and to set working conditions of said Employee; and

WHEREAS, the Employee desires to accept employment as Town Manager of said Town of West Warwick.

NOW, THEREFORE, in consideration of the mutual covenants herein contained, the parties agree as follows:

1. **Duties**:

The Employer hereby agrees to employ Wolfgang Bauer as Town Manager of the Town of West Warwick, to perform the functions and duties specified in said Charter, and to perform other legally permissible and proper duties and functions as the Town Council shall from time to time assign and to perform all of said duties with due diligence meeting the highest standards of professionalism, skill and competence, and to perform said duties in keeping with and in conformity with the policies and philosophy of the Town Council and the Town Charter.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

The Employee shall serve at will and at the pleasure of the Town Council and agrees to perform the duties of Town Manager pursuant to the powers and duties allocated to him under §308 of the West Warwick Town Charter, the applicable ordinances for the Town and the General Laws of the State of Rhode Island. The Employee agrees to serve in an ethical and professional manner based upon the principles of the International City Managers Association's Code of Ethics as well as any and all Ethics laws which may be applicable within the State of Rhode and the Employee agrees to perform in a manner consistent with the laws of the State of Rhode Island, its statutory requirements and the requirements of the Town of West Warwick as provided within its Town Charter and Code of Ordinances and Personnel Policy.

2. **Terms**:

(A) The term of employment shall be for a period of two (2) years, commencing with the 1st day of August, 1998 and terminating on the 31st day of July, 2000, unless terminated by the Employer pursuant to the provisions of Paragraph 3(A).

In the event the Employer remains employed at the expiration of the two year period set forth above, and should the parties mutually agree, then in such event, this Employment contract may be renewed upon such terms and conditions to be negotiated and agreed upon between the parties, all renewals of this contract shall be in writing, signed by the respective parties.

(B) Nothing in this Agreement shall prevent, limit or otherwise interfere with the right of the Council to terminate the services of the Employee at any time, pursuant to the Town Charter, and specifically Article III, Section 307 therein, subject to the provisions of Section 3(B) of this Agreement.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

(C) Nothing in this Agreement shall prevent, limit or otherwise interfere with the right of the Employee to resign at any time from his position with the Employer, subject only to the provisions set forth in Section 3 of this Agreement.

(D) Employee agrees to remain in the exclusive employ of the Employer while this Agreement is in full force and effect or until is resignation or termination, and further agrees that during said time the Employee shall neither accept other employment nor to become employed by any other employer until the termination date of this Agreement.

The term "employed" shall not be construed to include occasional teaching, writing, or military reserve service performed during the Employee's time off.

3. **Termination**:

(A) In the event the Employee is removed by the Employer, without cause, during such time that the Employee is willing and able to perform his duties under this Agreement, then the Employer agrees to pay the Employee a severance pay representing four months base salary, plus any unused vacation days. The Employer agrees that it shall provide the Employee with four (4) months written notice of the intention to terminate such employment. The Employee agrees that he shall perform such duties as may be assigned to him by the Employer during this four month period.

(B) In the event the Employee is convicted of a felony charge and pleads nolo contender to that or a lesser charge, or is found by a vote of not less than 4 members of the Council to have engaged in gross malfeasance, then the Employee may be terminated at the election of the Employer pursuant to §307 of the Town Charter, by a vote of not less than 4 members of the Council, and the Employer shall have no obligation to pay any aggregate

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

severance sum designated in this Agreement, nor shall the Employer have an obligation to provide notice to the Employee, as provided in Section 3(A). In addition, to the above, the provisions contained in §2209 of the Town Charter, entitled "Conviction of a Crime, shall apply to the Town Manager.

(C) Upon termination and if the Employer should be a participant in the Employer's health coverage, the Employer agrees to permit the Employee to remain enrolled in the Employer's medical and life insurance plans, provided the Employee remits to the Employer 's Finance Director one hundred (100%) percent of the insurance premiums monthly in advance. The continued enrollment in the Employer's medical coverage is pursuant to and regulated by the Consolidated Omnibus Budget Reconciliation Act (COBRA).

(D) In the event the Employee voluntarily resigns his position with the Employer, then the Employee shall give the Employer forty-five (45) days' notice in advance unless the parties otherwise agree. In addition, the Employee agrees to notify the Town Council in the event that he is in the process of interviewing with other prospective employees, either prior to or after resignation. In the event the Employee voluntarily resigns, he shall not be eligible for severance benefits as set forth in Section 3 (A) above.

4. **Salary**:

All salary and fringe benefits provided in this Agreement are subject to annual appropriation by the Financial Town Meeting.

For the first year of employment commencing August 1, 1998 and ending July 31, 1999, the Employer agrees to pay the Employee for his services rendered pursuant hereto an annual salary Sixty Nine Thousand Five Hundred ($69,500.00) Dollars, payable in installments

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

at the same time as other employees of the Employer are paid.

For the second year of employment commencing August 1, 1999 and ending July 31, 2000, the Employer agrees to pay the Employee for his services rendered pursuant hereto an annual salary review and to provide a salary increase consistent with the percentage increase given to department heads within the Town.

In addition, should this contract be renewed by the parties, then the Employer agrees to consider an increase in the annual salary in such amounts and to such extent as the Council, Appropriations Committee and Financial Town Meeting may determine desirable on the basis of an annual salary review of said employee, made at the same time as similar consideration is given other employees generally.

5. **Performance Evaluation**:

During the first year of employment, the Council shall review and evaluate the performance of the Employee prior to the end of his first year of employment in accordance with specific criteria developed jointly by the Council and the Employee. During the second year of employment, the Council shall review and evaluate the performance of the Employee no later than eight months prior to the end of the second year of employment. The Council shall review and evaluate the performance of the Employee by Further, the Council shall provide the Employee with a summary written statement of the findings of the Council and provide an adequate opportunity for the Employee to discuss his evaluation with the Council.

Within 90 days of commencement of employment, and annually thereafter, the Council in conjunction with the Employee, shall define such goals and performance objectives which they determine necessary for proper operation of the Town and attainment of the Council's policy

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

objectives. The Council shall further establish a relative priority among these various goals and objectives, said goals and objectives to be reduced to writing.

6. **Expense Account:**

The Employer agrees to provide the Employee with a yearly expense allowance in the sum of Three Thousand Six Hundred ($3,600.00) Dollars. Said expense account shall be utilized by the Employee as reimbursement to the employee for municipal business-related expenses and cash out-lays by the Employee, including but not limited to automobile expenses and the costs of maintenance, insurance and repairs for such automobile. Such expenses must be documented by the Employee pursuant to procedures established by the Finance Director and approved by the Town Council and reimbursement will be paid monthly, based upon the voucher(s) submitted to the Finance Director for approval.

The Employer agrees to include the Employee's motor vehicle under the Town's automobile insurance policy for coverage of the Employee's motor vehicle when utilized by the Employee for town business.

7. **Moving Expenses**:

The Employer shall pay directly, for the reasonable expenses incurred for the packing and moving the Employee and his personal property from Franklin, Massachusetts to the Town of West Warwick, Rhode Island, which sum shall not exceed the amount of $1,000.00. It is agreed that said moving expenses shall not include car mileage. Moving expenses must be documented by the Employee and will be paid pursuant to procedures established by the Finance Director and approved by the Town Council.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

8. **Residency**

The Employee agrees to reside in the Town of West Warwick during his employment with the Town. The Employee further agrees that he will be available seven days a week to perform services as may be necessary and needed associated with Town business and/or emergency situations of any nature. The Employee further agrees that he will be available seven days per week to participate in local Town activities as may be necessary or as requested by the Town Council.

9. **Vacation, Sick and Military Leave**

(A) It is agreed that the Employee shall receive the same paid vacation days as set forth in the current Personnel Policy Manual as adopted by Ordinance of the Town Council and that the Employee is entitled to receive one week's paid vacation during his first year of employment.

(B) Jury duty, legal holidays, and any other leave as provided in the Employer's Personnel Policy shall be applicable to the Employee.

(C) The Employee shall be allowed sick leave consistent with the Town's Personnel Policy as it relates to Department Heads.

10. **Health and Dental Insurance**:

A. The Employer and the Employee agree that the Employee shall continue to maintain his present medical insurance coverage. The Employer agrees to pay to the Employee directly, as reimbursement for his health care coverage, an amount equal to the amount paid to other employees of the Town covered by best family health plan coverage offered by the Town. Payment shall be made to the Employee, in such manner and at such time as premiums are paid

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

by the Town for the benefit of other employees. The Employee agrees to submit to the Finance Director, documentation of his health insurance coverage at the time of said reimbursement.

The parties recognize that such insurance and/or the payments therefor may be affected by the annual appropriation of the Financial Town Meeting.

11. **Workers Compensation:**

The Employer agrees that the Employee shall be included within the Town's Workers' Compensation Insurance Coverage.

12. **Retirement:**

The Employer agrees to contribute 5% of the Employee's annual gross income to the Pension Plan associated with the International City Manager's Association (ICMA) Deferred Compensation Plan, in lieu of the Employee's participation in the municipal pension plan. The Employer agrees to execute any and all necessary documents to effectuate such contribution on the part of the Employer. Upon termination of employment, the Employer shall execute all necessary documents to ensure that all funds in the ICMA account revert to the Employee or to a subsequent employer of the Employee, at the Employee's discretion.

13. **Dues and Subscriptions/Professional Development:**

In addition to the expense account provided to the Employee, pursuant to Paragraph 6 herein, Employer herewith agrees to pay to the Employee, upon documentation submitted and approved by the Finance Director, the costs incurred by the Employee associated with 1) professional dues and subscriptions of the Employee necessary for his continuation and participation in national, regional, state and local associations and organizations and 2) for the purpose of travel and subsistence expenses of the Employee for professional and official travel

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

meetings necessary to continue the professional development of the Employee and to adequately pursue necessary official and other functions for the Employer, including but not limited to the Annual Conference of the International City Management Association (ICMA), the Rhode Island League of Cities and Towns and such other national, regional, state and local governmental groups and committees thereof which employee may serve as a member. The Employee acknowledges and agrees that reimbursement for the costs as set forth herein shall not exceed the maximum amounts reflected in the annual Town Manager's Budget, identified as Line Item 5367 "Conferences & Training" and Line Item 5368, entitled "Memberships/Dues".

14. **Other Terms and Conditions of Employment**:

The Council, in consultation with the Employee, shall fix any such other terms and conditions of employment, as it may determine from time to time, relating to the performance of the Employee, provided such terms and conditions are not inconsistent with the performance of the Employee and provided further that such terms and conditions are not inconsistent with or in conflict with and subject to the Town Charter or any other applicable law.

15. **Notices**:

Notices pursuant to this agreement shall be given by deposit in the custody of the United States Postal Service, postage prepaid, addressed as follows:

(1) EMPLOYER: Town Council<br>Town of West Warwick<br>1170 Main Street<br>West Warwick, R.I. 02893

(2) EMPLOYEE: Wolfgang Bauer<br>511 Union St.<br>Franklin, MA 02038

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

(3) TOWN SOLICITOR Susan E. McGuirl, Esq.
CERILLI, McGUIRL & BICKI
56 Pine St., Suite 200
Providence, R.I. 02903

Alteratively, notices required pursuant to this agreement may be personally served in the same manner as it is applicable to Rhode Island civil practice. Notice shall be deemed given as of the date of personal service or as of the date of deposit of such written notice in the course of transmission in the United States Postal Service.

16. **General Provisions**:

(A) The text herein shall constitute the entire agreement between the parties.

(B) This Agreement shall become effective commencing August 1, 1998.

(C) This Agreement shall be governed and construed in accordance with the laws of the State of Rhode Island.

(D) If any provisions, or any portion thereof, contained in this Agreement is held unconstitutional, invalid or unenforceable, the remainder of this Agreement, or portion thereof, shall be deemed severable, shall not be affected and shall remain in full force and effect.

IN WITNESS WHEREOF, the Town of West Warwick, has caused this agreement to be signed and executed in its behalf by its Town Council President and duly attested by its Town Clerk, and the Employee has signed and executed this Agreement, both in duplicate, the day and year written opposite their names.

TOWN OF WEST WARWICK

BY: ______________________
Jean Tellier, Town Council President

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

EMPLOYEE:

Wolfgang Bauer

C:\WP60\WW-DATA\TM.CON

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

KENT SUPERIOR COURT
FILED

08 APR 18 AM 11: 29

DAVID E. PERRY, CLERK

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT