STATE OF RHODE ISLAND
KENT, ss.

SUPERIOR COURT

WOLFGANG BAUER,

Plaintiff,

v.

TOWN OF WEST WARWICK, MALCOLM MOORE, in his capacity as Finance Director for the Town of West Warwick, EDWARD A. GIROUX, individually and his capacity as President of the West Warwick Town Council, PETER F. CALCI, JR., individually and in his capacity as a member of the West Warwick Town Council, DAVID GOSSELIN, JR., individually and in his capacity as a member of the West Warwick Town Council, FILOMENA GUSTAFSON, individually and in her capacity as a member of the West Warwick Town Council, and ANGELO A. PADULA, JR., individually and as a member of the West Warwick Town Council

Defendants.

CASE NO. 08-0524

KENT SUPERIOR COURT
FILED
08 MAY 12 PM 4:07
DAVID E. PERRY, CLERK

## ANSWER TO COMPLAINT

1. Admitted.

2. Defendants admit that the Town of West Warwick is a municipality. The remaining allegations state a legal conclusion to which no response if required.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

3. Admitted that Edward Giroux is President of the West Warwick Town Council. The remaining allegations state a legal conclusion to which no response is required.

4. Admitted that Peter Calci is a member of the West Warwick Town Council. The remaining allegations state a legal conclusion to which no response is required.

5. Admitted that David Gosselin, Jr. is a member of the West Warwick Town Council. The remaining allegations state a legal conclusion to which no response is required.

6. Admitted that Filomena Gustafson is a member of the West Warwick Town Council. The remaining allegations state a legal conclusion to which no response is required.

7. Admitted that Angelo A. Padula, Jr. is a member of the West Warwick Town Council. The remaining allegations state a legal conclusion to which no response is required.

8. Paragraph 8 states a legal conclusion to which no response is required.

9. Paragraph 9 states a legal conclusion to which no response is required.

10. Admitted.

11. Admitted.

12. Defendants deny the characterization of plaintiff's job performance.

13. Defendants admit that the plaintiff communicated that he intended to retire.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

14. Denied.

15. Defendants admit that the plaintiff communicated his intention to retire.

16. The referenced documents speak for themselves and the plaintiff's eligibility would be governed by applicable documents and contract terms.

17. Defendants admit that the plaintiff had accrued sick and vacation leave. The defendants deny the remaining allegations.

18. The referenced document speaks for itself.

19. Defendants admit that the plaintiff notified the Town that he was resigning and retiring in late October 2007.

20. Defendants admit that the bids were solicited for the Project.

21. Defendants admit that the Project was financed.

22. Defendants admit a Riverwalk Committee was formed.

23. Defendants admit that the plaintiff was not appointed to the Riverwalk Committee. Defendants deny the allegations as to plaintiff's role or responsibilities with respect to the Project.

24. Defendants admit that contracts for the Project were approved. Defendants have insufficient information to admit or deny the remaining allegations at this time.

25. Defendants admit that the plaintiff conveyed confidential information to the Council. Defendants object to the characterization of that as "full information."

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

26. Defendants deny the plaintiff's allegation that he had no responsibilities in connection with the Project.

27. Defendants admit that the plaintiff prepared an invoice. Defendants have insufficient information to admit or deny the remaining allegations.

28. Defendants have insufficient information to admit or deny the allegations in paragraph 28.

29. Defendants admit that the plaintiff met with certain members of the Council. The remaining allegations are denied.

30. Defendants admit that Mr. Moore meet with the Council. The remaining allegations are denied.

31. Defendants admit that the Council voted to terminate Bauer's employment.

32. Defendants deny the allegations in paragraph 32.

33. Defendants admit that the letter dated December 5, 2007 was sent to the parties.

34. Defendants deny the allegations that "charges" were made against the plaintiff.

35. The defendants admit that Bauer was not paid termination after his termination.

36. Defendants admit that an article was published by the *Providence Journal* that is attached to the Complaint.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

37. Defendants have insufficient information to admit or deny the allegations in paragraph 37.

38. Defendants have insufficient information to admit or deny the allegations in paragraph 38.

39. Defendants repeat and reaffirm the responses to paragraphs 1-38.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants repeat and reaffirm the responses to paragraphs 1-45.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants repeat and reaffirm the responses to paragraphs 1-51.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

57. Defendants repeat and reaffirm the responses to paragraphs 1-56.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants repeat and reaffirm the responses to paragraphs 1-62.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants repeat and reaffirm the responses to paragraphs 1-71.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants repeat and reaffirm the responses to paragraphs 1-74.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants repeat and reaffirm the responses to paragraphs 1-77.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants repeat and reaffirm the responses to paragraphs 1-87.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants repeat and reaffirm the responses to paragraphs 1-89.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

TRUE COPY ATTEST

CLERK

SUPERIOR COURT

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants repeat and reaffirm the responses to paragraphs 1-93.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants repeat and reaffirm the responses to paragraphs 1-98.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Defendants repeat and reaffirm the responses to paragraphs 1-100.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in paragraph 104 of the Complaint.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

105. Defendants deny the allegations contained in paragraph 105of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has suffered no damages as a result of the defendants' actions.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants plead the defense of qualified privilege.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust exhaust administrative remedies.

WHEREFORE, judgment should enter in defendants' favor and they should be awarded costs, fees and other relief as is just and fair.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

Town of West Warwick and Malcolm Moore

By their Attorneys,

PANNONE LOPES DEVEREAUX LLC

William E. O'Gara, Esq. (#4257)
Thomas R. Gonnella (#7605)
317 Iron Horse Way, Suite 301
Providence, RI 02908
Tel. (401) 824-5100
Fax (401) 824-5123

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 12 day of May, 2008, I served a copy of the within document by first class mail upon:

Daniel K. Kinder, Esq.
Little, Medeiros, Kinder, Bulman &
Whitney, P.C.
72 Pine Street
Providence, RI 02903

Doc #9999

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT