**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WOLFGANG BAUER, Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. NO. 1:08-CV-187-ML** |
| | : | |
| **TOWN OF WEST WARWICK, et al** | : | |

**STATEMENT BY PLAINTIFF FOR INITIAL SCHEDULING CONFERENCE**

Plaintiff Wolfgang Bauer submits this written statement for the Federal Rule of Civil Procedure 16(a) initial scheduling conference on August 20, 2008, in accordance with the Notice sent by the Court to the parties dated June 16, 2008.[1]

**Factual Summary**

Sixty-four year old Wolfgang Bauer served as Manager for the Town of West Warwick ("Town") for nearly ten years before he was wrongfully terminated on the brink of his retirement, on December 1, 2007. The Town's defense, that Mr. Bauer was fired for "gross malfeasance," is a pretext for the real and unlawful reasons it severed the employment relationship with this hardworking public servant.

Mr. Bauer began employment with the Town on August 1, 1998. Among his duties, he managed the negotiation and implementation of Town contracts. Mr. Bauer did his job well: the projects under his watch remained within budget and were executed without incident. On three occasions over Mr. Bauer's employment, the Town Council assigned the management of special building projects to a committee, instead of Mr. Bauer. The most recent of these, the

[1] The Court's Notice dated June 16, 2008, requires that the party asserting a claim identify "any legal issues which may arise." Plaintiff assumes that the Court's directive overrides the command of Local Civil Rule 16, which requires with respect to each claim, a listing of the elements and facts in support thereof.

development of a walking path along the Pawtuxet River ("Riverwalk"), was managed by a committee appointed by the Council ("Riverwalk Committee").

In the spring of 2007, Mr. Bauer advised various Town officials, including the Town Solicitor and members of the Council, that he intended to retire once he became eligible in early 2008.[2] Through the Solicitor, Mr. Bauer was threatened that he "would never collect a dime" of his pension, because he would be terminated to prevent it. Mr. Bauer formally announced his retirement in late October 2007.

In late November 2007, Mr. Bauer discovered that the Riverwalk Committee had accepted, and the Council had approved, a contract that put the Riverwalk approximately $800,000.00 over budget. Mr. Bauer notified the Council of the problem. Within days of this disclosure, the Council convened in closed session, without prior notice to Mr. Bauer that it would discuss his job performance, and fired him. The Council blamed Mr. Bauer for its own and the Riverwalk Committee's fiscal misstep, calling it "gross misfeasance." The instant lawsuit has followed.

**Legal Issues**

Termination to Deprive Mr. Bauer of Retirement Benefits (Counts I, II, VIII & XIII)

The Town terminated Mr. Bauer for the purpose of denying him retirement benefits to which he was entitled; any reason given by the Town for his discharge is a pretext for this unlawful motivation. The Town also breached its fiduciary duty to Mr. Bauer by failing properly to fund the Pension Fund and by interfering with his right to collect retirement and pension benefits pursuant to the Town's pension plan.

[2] The Town's personnel policies permit an employee to take an early retirement by electing to credit up to 130 days of unused accumulated sick leave.

Open Meetings Act Violation (Count III)

The Town violated the Rhode Island Open Meetings Act by discussing Mr. Bauer's job performance in closed session without first notifying him in writing of its intent to do so. The failure to provide such notification renders any action taken in the closed meeting "null and void." See R.I. Gen. Law § 42-46-5.

Age Discrimination (Counts IV, IX & X)

The Town unlawfully discriminated against Mr. Bauer by terminating him on the basis of his age; any reason given by the Town for his discharge is a pretext for this unlawful motivation.

Due Process Violation (Counts V, VI & VII)

Mr. Bauer had a protected property right in four months of employment and in early retirement and pension benefits, by virtue of his employment contract; the Town's termination of his employment on December 1, 2007, without notice and a hearing, violated Mr. Bauer's rights under the federal and state constitutions.

Breach of Contract, Defamation, Payment of Wages

The Town breached its employment contract with Mr. Bauer, defamed him, and have withheld wages to which he is entitled under R.I. Gen. Laws § 28-14-1.

Respectfully submitted,

/s/ Sara A. Rappport

Daniel K. Kinder #2151
Sara A. Rappport #6184
Little Medeiros Kinder Bulman & Whitney PC
72 Pine Street
Providence, RI 02903
srapport@lmkbw.com
(401) 272-8080, extension 251
(401) 272-8195 Facsimile

**CERTIFICATION**

I hereby certify that on August 13, 2008, a copy of the foregoing Statement by Plaintiff for Initial Scheduling Conference was filed electronically. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system, or by e-mail or to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

William E. O'Gara
Thomas R. Gonella

_/s/ Sara A. Rapport